CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Daniel Lopez**, <br><br>  Plaintiff, <br><br>v. <br><br>**Chris Vovos**, in individual and representative capacity as trustee of the Chris Vovos Living Trust dated March 5, 1998; <br>**Long Beach Boulevard Burgers, Inc.,** a California Corporation; and Does 1-10, <br><br>  Defendants. | **Case No**. 2:19-cv-10872-VAP-MAA <br><br>**First Amended Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

  Plaintiff Daniel Lopez complains of Chris Vovos, in individual and representative capacity as trustee of the Chris Vovos Living Trust dated March 5, 1998; Long Beach Boulevard Burgers, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a

1  paraplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendant Chris Vovos, in individual and representative capacity as trustee of the Chris Vovos Living Trust dated March 5, 1998, owned the real property located at or about 11816 Long Beach Blvd., Lynwood, California, in June 2019.

3.  Defendant Chris Vovos, in individual and representative capacity as trustee of the Chris Vovos Living Trust dated March 5, 1998, owns the real property located at or about 11816 Long Beach Blvd., Lynwood, California, currently.

4.  Defendant Long Beach Boulevard Burgers, Inc. owned Tam's Super Burgers located at or about 11816 Long Beach Blvd., Lynwood, California, in June 2019.

5.  Defendant Long Beach Boulevard Burgers, Inc. owns Tam's Super Burgers located at or about 11816 Long Beach Blvd., Lynwood, California, currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Tam's Super Burgers on June 17, 2019 to get food.

11. Tam's Super Burgers is a facility open to the public, a place of public accommodation, and a business establishment.

12. Plaintiff found that the path of travel from the public sidewalk onto the pedestrian path of travel leading to the food ordering areas of Tam's Super Burgers were excessively steep and created difficulty and discomfort for him. The path of travel from public sidewalk to the food ordering areas fail to comply with the ADA. Plaintiff seeks compliant accessible paths of travel.

13. Plaintiff found that sales/transaction counters, both inside and outside were too high for him to comfortably use and this created difficulty and discomfort for him. The sales/transaction counters do not comply with the ADA. Plaintiff seeks complaint accessible sales/transaction counters.

14. Plaintiff found that none of the outdoor dining tables were comfortably or effectively useable by him either because they were too high or had insufficient knee or toe clearance. This created difficulty and discomfort for

him. The dining tables – indoor and outdoor -- fail to comply with the ADA. Plaintiff seeks compliant accessible dining surfaces in all required areas.

15. Although plaintiff did not seek to use the restroom, he is informed and therefore alleges that the public restroom is not accessible to wheelchair users because, among things, it fails to have accessible entrance hardware, sink, toilet and grab bars. Plaintiff seeks compliant, accessible restroom facilities.

16. On information and belief, the defendants currently fail to provide accessible paths of travel, sales counters, dining surfaces and restroom facilities.

17. These barriers all relate to and impact the plaintiff's disability, i.e., inability to walk and using a wheelchair.

18. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

19. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

20. The barriers identified above are easily removed without much difficulty or expense. Most are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

21. Plaintiff lives about 4 miles from the Tam's Super Burgers and frequents this area on a constant and ongoing basis.

22. Plaintiff will return to the Tam's Super Burgers as a customer once it is represented to him that the fast food restaurant are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the

site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

23. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

24. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those

    services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

26. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces. Here, accessible dining surfaces have not been provided.

27. When a business provides paths of travel, it must provide accessible paths of travel. Here, accessible paths of travel have not been provided.

28. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters. Here, accessible sales or transaction counters have not been provided.

29. When a business provides facilities such as restrooms, it must provide accessible restrooms. Here, accessible restrooms have not been provided.

30. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

31. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

32. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: March 2, 2020         CENTER FOR DISABILITY ACCESS

/s/ Russell Handy
By: _____
Russell Handy, Esq.
Attorney for plaintiff