**THE SAMINI FIRM APC**
BOBBY SAMINI (Cal. Bar No. 181796)
bsamini@saminilaw.com
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

Attorney for Defendants
CHRIS VOVOS, an individual and
Representative capacity as trustee of the Chris
Vovos Living Trust Dated March 5, 1998; and
Long Beach Boulevard Burgers, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS VOVOS, in individual and representative capacity as trustee of the Chris Vovos Living Trust Dated March 5, 1998; Long Beach Boulevard Burgers, Inc., a California Corporation; and Does 1-10,<br><br>    Defendants. | Case No.: 2:19-cv-10872 VAP (MAAx)<br><br>**DEFENDANTS':**<br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;**<br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. Proc. 12(b)(6), 12(e)]**<br><br>*[Proposed] Order submitted concurrently herewith*<br><br>Hearing Information:<br>Date:           April 20, 2020<br>Time:          2:00 p.m.<br>Location:    Courtroom 8A, 8th Floor |

## TABLE OF CONTENTS

**Page**

1. Summary of Motion ……………………………………………………….. 6
2. Statement of Relevant Facts ……………………………………………….. 6
3. Legal Authority for Motion ………………………………………………... 7
4. Legal Discussion ……………………………………………………………  7
   a. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF THE ADA ………………………………………………………….. 7
   b. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT ………………………………….. 10
   c. PLAINTIFF'S FAILURE TO ALLEGE INJURY IN FACT RESULTS IN HIS LACK OF STANDING TO MAINTAIN THIS ACTION ……………………………………………………… 10
   d. THE CIRCUMSTANCES SUGGEST THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c) ……………………………………….. 11
      i. Plaintiff Is Forum Shopping to Circumvent California Pleading Requirements ……………………………………….. 11
      ii. Plaintiff's State Law Predominates Because the Monetary Damages Provide Sufficient Remedy ……………………………………… 12
5. Conclusion ……………………………………………………………..  13

THE SAMINI FIRM APC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Tel. (949)724-0900

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Arizona ex re. Goddard v. Harkins Amusement Enters, Inc.*
    603 F.3d 666, 670 (9th Cir. 2012) …………………………………………….. 7

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009) ……………………………………………………... 7

*Bell Atlantic Corporation v. Twombly*
    550 U.S. 544, 545 (2007) …………………………….……………………….. 7

*Carnegie-Mellon University v. Cohill*
    484 U.S. 343, 357 (1988) …………………………………………………….. 11

*OAM v. Brick Oven*
    406 F.Supp. 1120, 1130-31 (S.D. Cal. 2005) …………………………………. 12

*Spokeo, Inc. v. Robins*
    136 S. Ct. 1540, 1547 (2016) …………………………………………………. 10

**California Statutes**

Cal. Civ. Proc. Code § 425.50 ………………………..…………..……………11, 12

Cal. Civ. Proc. Code § 425.55 …………………………….…………..…………… 11

Cal. Civ. Code §§ 51-53 …………………………………………………….……  10

**Federal Statutes**

Federal Rules of Civil Procedure 8(a) …………………………………………….. 7

Federal Rules of Civil Procedure 12(b)(6) …………………………………..…….. 7

42 U.S.C. §§ 12101, *et seq.* …………………………………………………….. 7

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 20, 2020 at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 8A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Virginia A. Phillips presiding, Defendants Chris Vovos, in individual and representative capacity as trustee of the Chris Vovos Living Trust Dated March 5, 1998; and Long Beach Boulevard Burgers, Inc., a California Corporation (collectively, "Defendants") will and hereby do move, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), to dismiss the complaint filed by Plaintiff Daniel Lopez ("Plaintiff") on the grounds that all causes of action are insufficient pleaded as set forth herein. The motion is made on these grounds:

- Plaintiff fails to allege Defendants' violation of the ADA (claim 1) with any semblance of the specificity required by FRCP 8(a).
- Plaintiff fails to allege Defendants' violation of the Unruh Civil Rights Act (claim 2) with any semblance of the specificity required by FRCP 8(a).
- Plaintiff lacks standing to pursue the alleged claims for violation of the ADA and violation of the Unruh Civil Rights Act (claims 1-2) because Plaintiff has not suffered any injury-in-fact.
- Plaintiff's claim for violation of the Unruh Civil Rights Act (claim 2) predominates, and therefore, this Court should refuse to exercise supplemental jurisdiction. 28 U.S.C. § 1367.

This motion is based upon this notice, the attached memorandum of points and authorities in support thereof, and such other matters of which the Court may properly take notice, and upon such oral argument as may be made at the hearing on this motion.

This motion is made following multiple efforts to complete the conference of counsel pursuant to Local Rule 7-3, which was initiated on or about March 4, 2020, at which time Defendants provided Plaintiff's counsel with a written summary of their legal arguments, and requested a further telephone conference. Following this email, Plaintiff's

counsel responded that, as the parties met and conferred regarding Defendants' previously filed Motion to Dismiss and the current motion is substantially similar, Plaintiff's counsel deemed our meet and confer requirements satisfied. Ultimately, the parties were unable to reach a resolution.

**THE SAMINI FIRM APC**

Date: March 16, 2020                By:      */s/ Bobby Samini*
                                             Bobby Samini
                                             Attorney for Defendants
                                             CHRIS VOVOS, an individual and
                                             Representative capacity as trustee of the
                                             Chris Vovos Living Trust Dated March
                                             5, 1998; and Long Beach Boulevard
                                             Burgers, Inc.

## 1. SUMMARY OF MOTION

Plaintiff Daniel Lopez ("Plaintiff") has filed this lawsuit against Defendants Chris Vovos, in individual and representative capacity as trustee of the Chris Vovos Living Trust Dated March 5, 1998; and Long Beach Boulevard Burgers, Inc., a California Corporation (collectively, Defendants") for damages and injunctive relief for violations of the American's with Disabilities Act and Unruh Civil Rights Act. On or about February 27, 2020, Defendants filed their Motion to Dismiss Plaintiff's Complaint. Subsequently, Plaintiff filed his First Amended Complaint (the "Complaint") on or about March 2, 2020. Defendants bring this motion to dismiss on the grounds that 1) Plaintiff has failed to allege facts sufficient to establish his standing and/or properly state his causes of action; and 2) justice would best be served if this Court declined supplemental jurisdiction under 28 U.S.C. § 1367(c).

## 2. STATEMENT OF RELEVANT FACTS

Plaintiff alleges that he "is a California resident with physical disabilities," such that he "cannot walk and who uses a wheelchair for mobilities." Compl. ¶ 1. Plaintiff now alleges that he "went to the Tam's Super Burgers on June 17, 2019 to get food." Compl. ¶ 10. According to Plaintiff, during his visit to Defendant Long Beach Boulevard Burgers, Inc., he found that "the path of travel from the public sidewalk onto the pedestrian path of travel leading to the food ordering areas of Tam's Burgers were excessively steep and created difficulty and discomfort for him." Compl. ¶ 12. Plaintiff continues "that sales/transaction counters, both inside and outside were too high for him to comfortably use and this created difficulty and discomfort for him." Compl. ¶ 13. Moreover, "Plaintiff found that none of the **outdoor** dining tables were comfortably or effectively useable by him because they were too high or had insufficient knee or toe clearance." Compl. ¶ 14. As a result, Plaintiff alleged that "the defendants denied the plaintiff full and equal access" and such failure "created difficulty and discomfort for the Plaintiff." *See* Compl. ¶¶ 12-14, 18.

///

### 3. LEGAL AUTHORITY FOR MOTION

Federal Rule of Civil Procedure Rule 12(b)(6) allows motions to dismiss based upon failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under FRCP Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard "demands more than an unadorned [] accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 545 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In order to avoid dismissal, the plaintiff's complaint must plead facts which, if true, "raise a right to relief above the speculative level." *Id.* at 545.

### 4. LEGAL DISCUSSION

As set forth above and discussed further herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Thus, under the circumstances, Plaintiff has further failed to provide compelling reasons for the Court to exercise supplemental jurisdiction over his cause of action for violations of the Unruh Civil Rights Act, a claim arising under California state law.

### a. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF THE ADA

In order to prevail in a Title III ADA claim, Plaintiff must prove: 1) that Plaintiff is disabled within the meaning of the ADA; 2) that the Defendant owns, leases, or operates a place of public accommodation; and 3) that Plaintiff was denied public accommodation by the Defendant due to his or her disability. *Arizona ex re. Goddard v. Harkins Amusement Enters, Inc.*, 603 F.3d 666, 670 (9th Cir. 2012); *see also* 42 U.S.C. §§ 12101, *et seq.* Here, Plaintiff has failed to set forth a "short and plain statement showing that [he] is entitled to relief," specifically, Plaintiff only provides a formulaic recitation that the alleged barriers "relate to and impact the plaintiff's disability," and he was denied "full and equal

access." See Compl. ¶¶ 17-18, 23. Thus, noticeably, Plaintiff fails to utter a single word regarding **how** the alleged non-compliance actually interfered with his access to the restaurant. Rather, Plaintiff makes conclusory allegations devoid of any facts that the alleged barriers "created difficulty and discomfort for [Plaintiff]." See Compl. ¶¶ 12-14; see also Compl ¶ 35. Similarly, Plaintiff concludes, "the defendants denied the plaintiff full and equal access" and such failure "created difficulty and discomfort for the Plaintiff." See Compl. ¶¶ 17-18, 23.

Plaintiff alleges that he "went to the Tam's Super Burgers on June 17, 2019 to get food." Compl. ¶ 10. Rather than provide facts describing how he believes Defendants violated the ADA Standards, Plaintiff either failed to do so or cannot do so. In either event, Plaintiff's Complaint is subject to dismissal. For example, Plaintiff states that "sales/transaction counters, both inside and outside were too high for him to comfortably use and this created difficulty and discomfort for him." Compl. ¶ 13. However, Plaintiff fails to address whether Defendants offered some other accommodation, such as whether the employees could assist Plaintiff through open space adjacent to the counter. Similarly, Plaintiff fails to set forth how the path of travel was inaccessible and/or how he suffered such "difficulty and discomfort." Compl. ¶ 12. Plaintiff alleges that the pathway was "excessively steep," yet Plaintiff does not allege that the slope exceeded any applicable ADA standards. Additionally, Plaintiff fails to address how the allegedly "steep" slope affected him. For example, Plaintiff did not address whether he experienced issues with the functionality of his wheelchair. Thus, Plaintiff's allegations amount to conclusory statements that fail to set forth facts discussing the manner in which Defendants "failed to provide" either accessible dining surfaces, paths of travel, and/or sales counters.

Furthermore, the conclusory manner of Plaintiff's Complaint renders the pleading unintelligible and meaningless. Plaintiff states, "The defendants have failed to maintain working and useable conditions those features required to provide ready access to persons with disabilities." Compl. ¶ 19. In so stating, Plaintiff has refused to identify "those features" at issue, much less how those unidentified features were not in "working and

8
DEFENDANTS' MOTION TO DISMISS

useable conditions." *Id.* Plaintiff further fails to set forth any facts in support of his conclusory statement that, "The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in the lawsuit do not comply with the 1991 Standards." Compl. ¶ 30. Plaintiff's pleading is so defective such that it is impossible to ascertain whether the conditions challenged comply with the 1991 Standards or not.

Even more egregiously, Plaintiff states that the alleged barriers and violations are "obvious and blatant in nature." Compl. ¶ 23. Despite Plaintiff's repeated conclusory assertions that he "identified" any such alleged barriers, he has failed to do so in any meaningful way. If such alleged barriers and violations are so "obvious and blatant in nature," then Plaintiff should have no difficulty in satisfying his pleading requirement by describing the alleged barriers and violations with the requisite level of specificity, as well as stating facts describing how the alleged barriers and violations impacted Plaintiff's accessibility.

Plaintiff further alleges that he "will amend the complaint, to provide proper notice regarding the scope of his lawsuit, once he conducts a site inspection." Compl. ¶ 25. However, Plaintiff could not possibly have suffered such "difficulty and discomfort" by any alleged barriers if he feels that he must "conduct a site inspection." *See* Compl. ¶¶ 12-14, 23 Moreover, whether any alleged barriers are "easily removed without much difficult or expense" cannot reasonably be ascertained without Plaintiff providing any details regarding how Plaintiff encountered these alleged barriers, why Plaintiff encountered these alleged barriers, and how the alleged non-compliance actually interfered with his access to the restaurant. Compl. ¶ 20. As such, Plaintiff's request for an injunction is illogical given that Plaintiff has failed to set forth with any specificity the type of behavior to be enjoined.

///
///
///

### b. PLAINTIFF FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH HIS CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

In order to prevail on a cause of action for violation of the Unruh Civil Rights Act based upon an underlying ADA violation, Plaintiff must prove that: 1) Defendants denied full and equal accommodations or services to Plaintiff; 2) Plaintiff was harmed; and 3) that Defendants' conduct was a substantial factor in causing Plaintiff's harm. *See* Cal. Civ. Code §§ 51-53. As set forth above, Plaintiff failed to set forth sufficient facts to state a claim for the underlying alleged ADA violation, and further fails to state a claim regarding any alleged denial of full and equal accommodations, services, or the like to state a claim under the Unruh Civil Rights Act. Furthermore, as discussed in greater detail below, Plaintiff failed to allege facts sufficient to show causation and/or injury in fact. Therefore, Plaintiff's second cause of action for violation of the Unruh Civil Rights Act is subject to dismissal.

### c. PLAINTIFF'S FAILURE TO ALLEGE INJURY IN FACT RESULTS IN HIS LACK OF STANDING TO MAINTAIN THIS ACTION

In order to establish Plaintiff has standing to bring the instant action, he must show that he "1) suffered an injury in fact; 2) that is fairly traceable to the challenged conduct of the defendant; and 3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Thus, such injury must be "concrete and particularized" as opposed to "conjectural or hypothetical." *Id.* at 1548.

Here, Plaintiff has made vague and conclusory allegations that he was denied "full and equal access" and that Plaintiff experienced "difficulty and discomfort." Compl. ¶¶ 12-14, 18. In fact, Plaintiff admits that he did not encounter certain barriers, such as any barriers in the restroom; however, Plaintiff asserted such alleged violations anyway. Compl. ¶ 15. Because Plaintiff failed to establish injury in fact, he lacks standing to file this lawsuit, and his complaint is subject to a motion to dismiss.

///
///

### d. THE CIRCUMSTANCES SUGGEST THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c)

#### i. Plaintiff Is Forum Shopping to Circumvent California Pleading Requirements

Under 28 U.S.C. Section 1367(c), the court may decline supplemental jurisdiction, in part, if: 1) the claim substantially predominates compared with the other claim over which the district court has original jurisdiction; or 2) The district court has dismissed all claims over which it has original jurisdiction. Moreover, the Supreme Court has noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

Here, Plaintiff likely filed his lawsuit in federal district court in order to avoid the procedural requirements specifically applicable to "high frequency litigants." Upon information and belief, Plaintiff is a "high frequency litigant," having filed approximately 184 lawsuits concerning accessibility claims, and is therefore subject to the requirements as set forth in California Code of Civil Procedure Section 425.50(a)(4). "High frequency litigant" similarly applies, with limited exclusions, to attorneys who have acted "as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation[.]" Cal. Civ. Proc. Code § 425.55(b)(2).

As such, Plaintiff must comply with California Code of Civil Procedure Section 425.50, which sets forth the pleading requirements for "construction-related accessibility claim[s]," and requires a litigant to, in part: 1) describe the "specific access barrier…with sufficient information about the location…to enable a reasonable person to identify the access barrier; 2) describe the "way in which the barrier denied….or deterred [Plaintiff]"; 3) the specific dates on which Plaintiff encountered the barriers; 4) disclose whether he is

THE SAMINI FIRM APC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Tel. (949)724-0900

a high-frequency litigant; 5) pay the Supplemental Fee as required under California law for high-frequency litigants; and 6) verify the complaint.

### ii. Plaintiff's State Law Predominates Because the Monetary Damages Provide Sufficient Remedy

A federal court may decline to exercise supplemental jurisdiction where state law claims "substantially predominate" compared with the other claims over which the district court has original jurisdiction. *See* 28 U.S.C. § 1367. Here, Plaintiff pled a federal claim for violation of the ADA, as well as a state claim arising under California state law. However, California law provides for all the same remedies as the ADA, with the addition of possible recovery of monetary damages. Courts have held that the "statutory damages available to [plaintiff] under the Unruh Act substantially predominate over the injunctive relief available under the ADA." *OAM v. Brick Oven*, 406 F.Supp. 1120, 1130-31 (S.D. Cal. 2005). Thus, because California state law expressly incorporates federal law in lawsuits asserting state disability discrimination and claims for ADA violations may be filed in California state court, Plaintiff has no substantive reason for filing this lawsuit in federal court other than to circumvent California's procedural pleading requirements.

### 5. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and further fails to provide a legitimate reason for this Court to invoke supplemental jurisdiction. Defendants respectfully request this Court to issue an order declining supplemental jurisdiction over Plaintiff's state law claim and dismissing Plaintiff's

///
///
///

Complaint in its entirety. Based on the foregoing, Defendants respectfully requests that this Court dismiss each of the claims without leave to amend.

**THE SAMINI FIRM APC**

Date: March 16, 2020           By:     */s/ Bobby Samini*
                                       Bobby Samini
                                       Attorney for Defendants
                                       CHRIS VOVOS, an individual and
                                       Representative capacity as trustee of the
                                       Chris Vovos Living Trust Dated March
                                       5, 1998; and Long Beach Boulevard
                                       Burgers, Inc.

# PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2801 West Coast Highway, Suite 200, Newport Beach, CA 92663. On March 16, 2020, I served true copies of the following document(s) described as **DEFENDANTS': (1) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND NOTICE OF INTERESTED PARTIES** on the interested parties in this action as follows:

| | |
|---|---|
| Dennis J. Price III<br>Phyl Grace<br>Raymond George Ballister, Jr.<br>Russell C. Handy<br>**CENTER FOR DISABILITY ACCESS**<br>8033 Linda Vista Road, Suite 200<br>San Diego, California 92111<br>Email: dennisp@potterhandy.com<br>    phylg@potterhandy.com<br>    rayballister@potterhandy.com<br>    rayballister@potterhandy.com | *Attorneys for Plaintiff Daniel Lopez* |

[X]    **(BY CM/ECF NOTICE OF ELECTRONIC FILING):** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[X]    **(BY FEDERAL EXPRESS):** I caused to have served such document(s) by depositing them in the drop box at Newport Beach, California for priority overnight next day delivery addressed as follows:

> The Honorable Virginia A. Phillips
> Chief District Judge
> First Street Courthouse
> Courtroom 8A, 8th Floor
> 350 West 1st Street
> Los Angeles, California 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 16, 2020**, at Newport Beach, California.

*Capazin Thornton*

THE SAMINI FIRM APC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Tel. (949) 724-0900